UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CYNTHIA V. JARVIS-ZURI,

        Plaintiff,

                                    Case No. 07-CV-10674

vs.

                                    HON. GEORGE CARAM STEEH

IRS EMPLOYEE VALERIE OATLEY,
REVENUE OFFICER, and
UNITED STATES OF AMERICA,

        Defendants.
_____/

## ORDER DENYING PLAINTIFF'S MOTION TO REMAND [DOC. 5]
## AND GRANTING DEFENDANT'S MOTION TO DISMISS [DOC. 7]

Plaintiff, Cynthia V. Jarvis-Zuri, filed her complaint on January 8, 2007 in Wayne County Circuit Court. On February 15, 2007, the United States removed the action to this court on behalf of itself and its employee, Valerie Oatley. The plaintiff's complaint seeks nullification of notices of federal tax lien and levy that were filed by Valerie Oatley on behalf of the United States. On March 2, 2007, plaintiff filed a motion to remand the action to state court, arguing that there are no valid grounds for removal of this action. On March 15, 2007, the United States filed a motion to dismiss the complaint for lack of subject matter jurisdiction or for failure to state a claim upon which relief can be granted. For the reasons stated below, this court DENIES plaintiff's motion to remand and GRANTS defendant's motion to dismiss.

I. Allegations of Complaint

The allegations of plaintiff's complaint are as follows:

1.      The United States' Notice of Federal Lien was not perfected in accordance

with state law, as required by 26 U.S.C. §6323(f), in order to perfect the

United States' priority against other creditors.

2.  The United States does not have a valid lien on plaintiff's property

    because plaintiff has not been provided with a certificate of assessment or

    "Form 23."

3.  A levy on plaintiff's wages was improper because only the wages of

    federal government employees are subject to levy, and plaintiff is not a

    federal government employee.

Plaintiff seeks an order enjoining the tax collection activities of the IRS.

## II.  Plaintiff's Motion to Remand

This action was properly removed by defendant United States pursuant to 28

U.S.C. § 1442(a)(1), which provides:

> A civil action . . . commenced in state court against any of the following
> may be removed by them . . .: (1) The United States . . . or any officer . . .
> of any agency thereof, sued in an official or individual capacity for any act
> under color of such office or on account of any right, title or authority
> claimed under any Act of Congress for . . . the collection of revenue.

The plaintiff named Valerie Oatley as a defendant in her official capacity as an

Internal Revenue Service employee.  The complaint alleges that Ms. Oatley filed a

notice of federal tax lien and issued notices of levy, and seeks to have these notices

and liens nullified.  The IRS is authorized to file notices of federal tax lien by 26 U.S.C.

§6323, and is authorized to issue notices of levy by 26 U.S.C. § 6331.  Therefore, the

plaintiff's action falls within the terms of 28 U.S.C. § 1442(a), making removal proper.

To the extent plaintiff's complaint can be construed as seeking to quiet title to

property under 28 U.S.C. § 2410, the action was properly removed based on 28 U.S.C.

2

§ 1444. Section 2410 provides that the United States may be named a party in any civil action in district court, or a state court which has subject matter jurisdiction, in which the plaintiff seeks to quiet title to real or personal property on which the United States claims a lien. Because the plaintiff seeks to nullify the United States' federal tax lien, defendant contends that plaintiff's claim arguably could be construed as a claim to quiet title against the United States. 28 U.S.C. § 1444 provides that "any action brought under section 2410 of this title against the United States in any State court may be removed by the United States . . . ." The court agrees that to the extent plaintiff's claim can be construed as one to quiet title to property, this action was properly removed based on 28 U.S.C. § 1444.

III. <u>Defendant's Motion to Dismiss</u>

The basis of the motion to dismiss is that the United States cannot be sued under a statute unless that statute specifically waives the United States' sovereign immunity. <u>See</u>, <u>e.g.</u>, <u>United States v. Sherwood</u>, 312 U.S. 584, 586 (1941). A "waiver of sovereign immunity is to be strictly construed, in terms of its scope, in favor of the sovereign." <u>Department of the Army v. Blue Fox, Inc.</u>, 119 S.Ct. 687, 691 (1999). The United States has not waived its sovereign immunity to any claim set forth in the complaint filed by plaintiff, and therefore dismissal of the case is required. <u>Ecclesiastical Order of the Ism of Am, Inc. v. Chasin</u>, 845 F.2d 113, 115-16 (6th Cir. 1988).

Furthermore, the Anti-Injunction Act of the Internal Revenue Code deprives the court of jurisdiction to entertain plaintiff's claim to enjoin the collection of any tax. The Anti-Injunction Act provides that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court for any reason." 26 U.S.C.

§7421(a).  The District Court is without jurisdiction over a suit to restrain the collection of taxes, unless it is clear that under no circumstances could the government ultimately prevail, and equity jurisdiction otherwise exists.  Bob Jones Univ. v. Simon, 416 U.S. 725, 737 (1974).  The plaintiff in this case has not demonstrated that there is no likelihood of the government establishing its claim and that without injunctive relief the plaintiff will suffer irreparable injury.  See Id., Enochs v. Williams Packing & Navigation Co., 370 U.S. 1, 7 (1962).

The court does not address defendant's argument that plaintiff's complaint must be dismissed for failure to state a claim upon which relief can be granted.

IV.  Conclusion

For the reasons stated, plaintiff's motion to remand is DENIED and defendant's motion to dismiss is GRANTED.

It is so ordered.

Dated:  June 11, 2007

S/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on June 11, 2007, by electronic and/or ordinary mail.

s/Josephine Chaffee
Deputy Clerk